# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. FENNER,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>RAYMOND E. MABUS; DEPARTMENT OF THE NAVY; AND DOES 1 through 100, Inclusive,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 12-CV-366 JLS (WMc)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF No. 3) |

　　　　Plaintiff Douglas E. Fenner, proceeding pro se, has filed a Complaint alleging employment discrimination on the basis of race and age against Defendants Raymond E. Mabus, Secretary of the Navy, and the Department of the Navy. (Compl., ECF No. 1.) He subsequently filed a motion to appoint counsel, which is presently before the Court. (Mot. to Appoint Counsel, ECF No. 3.)

　　　　As a general rule, there is no constitutional right to appointed counsel in a civil case. *Lassiter v. Dep't of Soc. Servs. of Durham County, N.C.*, 452 U.S. 18, 25 (1981). However, in employment discrimination cases, Title VII of the Civil Rights Act of 1964 ("Title VII") does contemplate appointment of counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1); *Bradshaw v. Zoological Soc. of San Diego*, 622 F.2d 1301, 1318 (9th Cir. 1981). Analyzing these criteria, district courts in California have found that qualifying parties may be referred to pro bono appointment programs that will attempt to locate a volunteer attorney to

1 represent the party. *See, e.g.*, *Lee v. AT&T Corp.*, 2010 WL 2348683, at *2 (N.D. Cal. June 8, 2010). Such appointment of counsel is certainly not mandatory; rather, the determination is left to the district court's sound discretion. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). Three factors have emerged as relevant to the court's determination: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claims." *Id.*

Although Plaintiff's employment discrimination claims appear to be sufficiently meritorious for the purposes of appointing counsel, the Court finds both Plaintiff's financial resources and the related inquiry of the reasonableness of Plaintiff's efforts to secure his own counsel weigh heavily against appointing counsel at this time.

In his motion, Plaintiff indicates he is employed at the Space and Naval Warfare Systems Command, earning wages of $10,500 per month. (Mot. to Appoint Counsel 5.) He also describes several of his assets, the combined value of which totals over a million dollars, and states he has $54,000 in his savings or checking accounts. (*Id.* at 6.) Plaintiff's debts and bills apparently exceed $9,000 per month, including $2,000 per month to his daughter's college, $3,995 per month for payment of his mortgage, $1,248 per month in property taxes, and various other expenses. (*Id.* at 6-7.) Although a party requesting appointment of counsel need not show he is completely destitute or indigent, the financial situation Plaintiff presents is far from grim. *Cf. Barnell v. Paine Webber Jackson & Curtis*, 577 F. Supp. 976, 978 (S.D.N.Y. 1984) ("Plaintiff's financial picture is grim: she has monthly expenses approximating $1,000, outstanding debts approximating $22,000, assets worth approximately $3,500, no current income, and remains unemployed.") Plaintiff has a steady and substantial income, as well as considerable funds available in accessible bank accounts. The Court has not ignored the hardships Plaintiff has recently faced with the injury and illness of his wife, nor Plaintiff's substantial monthly expenses. However, Plaintiff simply has not shown that he cannot afford to retain counsel on his own.

Similarly, Plaintiff has not shown that his efforts to secure counsel on his own were sufficient. A party's efforts to secure counsel must be "reasonably diligent under the circumstances." *Bradshaw*, 622 F.2d at 1319. Here, the Court finds Plaintiff has not been

1 reasonably diligent, particularly in light of the circumstances of his significant financial resources
2 and what appears to be a potentially meritorious claim. In his motion, Plaintiff lists two attorneys
3 with whom he talked about handling his claims, but states he could not afford either one due to
4 financial hardship. (*Id.* at 3-4.) He further explains he inquired "with attorneys through the
5 Internet" about contingency-fee or delayed payment schemes, but that none would accept his case
6 without "a prepaid retainer." (*Id.* at 4.) Plaintiff does not specify how many attorneys he
7 approached on the Internet, and from the two attempts he did detail, described above, it seems
8 Plaintiff merely approached attorneys he has previously retained. Although Plaintiff is certainly
9 not required "to exhaust the legal directory" as a prerequisite to the appointment of counsel,
10 *Bradshaw*, 622 F.2d at 1319 (quoting *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th
11 Cir. 1997)), the Court finds a greater effort than contacting three or four attorneys is justified here.
12 Further, the record does not reflect any efforts by Plaintiff to contact local law clinics or other
13 types of less costly legal services.

14      For the foregoing reasons, the Court concludes that the circumstances do not warrant
15 appointment of counsel at this time, and **DENIES** Plaintiff's motion without prejudice.[1]

16      **IT IS SO ORDERED**.

18 DATED: May 23, 2012

19 _____
Honorable Janis L. Sammartino
United States District Judge

---

28  [1] The Court recognizes that circumstances may change so as to justify appointment of counsel. If so, Plaintiff may renew his motion at that time.